**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

MICHELE KELLER, individually
and on behalf of a class of all persons and
entities similarly situated,

        Plaintiff,

vs.                                                                          Case No. 6:23-cv-05732-TMC

EVERETT FINANCIAL, INC. dba
SUPREME LENDING

        Defendant.

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. Plaintiff Michele Keller brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. The TCPA restricts companies from making multiple calls in a 12-month period to number on the National Do Not Call Registry, which the Plaintiff alleges that Everett Financial, Inc. dba Supreme Lending ("Supreme Lending") violated.

3. The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq*.

4. The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the National Do Not Call Registry, as was Ms. Keller's prior to receiving the call.

5.  Ms. Keller and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Ms. Keller brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

6.  A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7.  Plaintiff Michele Keller resides in Laurens County, South Carolina.

8.  Defendant Everett Financial, Inc. dba Supreme Lending is a Texas corporation.

## Jurisdiction & Venue

9.  The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

10. The Court has specific personal jurisdiction over the defendant because the calls at issue were made by Supreme Lending into this District.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the calls to Ms. Keller—occurred in this District.

## Statutory Background

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry</u>

13. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The SCTPPA</u>

17. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq*.

18. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

19. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80.

### Factual Allegations

Call to Ms. Keller

20. Ms. Keller is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Ms. Keller's number, 864-239-XXXX is a residential telephone number.

22. It is used by Ms. Keller for personal calls.

23. Ms. Keller placed that number on the National Do Not Call Registry in 2013.

24. Despite that, Ms. Keller received multiple telemarketing calls from the Defendant.

25. This includes multiple calls that were received from July 11 through August 25, 2023.

26. The calls were scripted telemarketing pitches.

27. The scripted telemarketing pitch tried to get the Plaintiff to purchase a refinance of her mortgage through Supreme Lending.

28. The Plaintiff was uninterested and hadn't requested any such calls or information.

29. Indeed, former employees have explained that Supreme Lending makes telemarketing calls. *See* https://www.indeed.com/cmp/Supreme-Lending/reviews/you-are-on-your-own?id=7d2ac06108d81fbe (Last Visited November 6, 2023).

30. Prior to the filing of the Complaint, Ms. Keller wrote to the Defendant.

31. The Defendant did not deny making the calls.

32. Plaintiff and other individuals who received these telemarketing calls and telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

**Class Action Allegations**

43. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

44. The classes of persons Plaintiff propose to represent are tentatively defined as:

NATIONAL DNC CLASS

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Supreme Lending's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

SCTPPA CLASS:

> All persons with a South Carolina area code to whom (a) at any time in the period that begins four years before the date of filing this Complaint to trial (b) Defendant, or someone acting on their behalf (c) placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

45. Excluded from the classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The classes as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

47. The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

48. Plaintiff is a member of both classes.

49. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether the Defendant violated the TCPA by making telemarketing calls to numbers on the National Do Not Call Registry;

    b. Whether the Defendant placed calls without obtaining the recipients' prior consent for the call;

    c. Whether the Defendant violated the SCTPPA by making calls to South Carolina telephone numbers registered with the National Do Not Call Registry; and

    d. Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

50. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

51. Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the classes, she will fairly and adequately protect the interests of the class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52. In fact, the Plaintiff have foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

53. The actions of the Defendant are generally applicable to the classes and to the Plaintiff.

54. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims
### Count One:
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

56. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

57. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

58. These violations were willful or knowing.

59. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

60. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## Count Two:
## Violation of the SCTPPA

61. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

63. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## **Relief Sought**

For themselves and all class members, Plaintiff request the following relief:

A. Certification of the proposed classes;

B. Appointment of the Plaintiff as representatives of the classes;

C. Appointment of the undersigned counsel as counsel for the classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law;

G. Leave to amend this Complaint to conform to the evidence presented at trial; and

H. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED this 9th day of November, 2023.

                                       PLAINTIFF,
                                       By his attorneys,

By:   *s/ Dave Maxfield*
        David A. Maxfield, Fed ID 6293
        P.O. Box 11865
        Columbia, SC 29211
        803-509-6800
        855-299-1656 (fax)
        dave@consumerlawsc.com

        Anthony I. Paronich
        Paronich Law, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        (508) 221-1510
        anthony@paronichlaw.com